**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF MISSISSIPPI**
**NORTHERN DIVISION**

**BAREFIELD WORKPLACE SOLUTIONS, INC.**                        **PLAINTIFF**

vs.                                         **CIVIL ACTION No.: 3:17-CV-87-HTW-LRA**

**MILLER'S OF COLUMBIA, INC., PAUL H. OLSEN,**
**SHIRISHA JANUMPALLY, SILVIJA VALLERU,**
**LIONSHEAD ENTERPRISES CORP.,**
**SURESH VENKAT DOKI, SURESH BOYAPATI,**
**and JOHN DOES 1-5**                                                **DEFENDANTS**

## ORDER

BEFORE THIS COURT is a comprehensive Motion **[Docket no. 119]** filed by defendants Shirisha Janumpally ("Janumpally"), Silvia Valleru ("Valleru"), Lionshead Enterprises, Corp. ("Lionshead"), Suresh Venkat Doki ("Doki"), and Suresh Boyapati ("Boyapati") (hereinafter collectively referred to as "Defendants").

Defendants' motion asks this Court to: (1) reconsider its Order, dated September 30, 2018 [Docket no. 118], denying Defendants' motion to dismiss; (2) stay all proceedings pending the resolution of defendants' motion for reconsideration; or, alternatively (3) certify an order for interlocutory appeal and to stay all proceedings pending the appeal.

Defendants file their motion for reconsideration under the auspices of Rule 59(e)[1] of the Federal Rules of Civil Procedure. Courts in this jurisdiction recognize three possible grounds for a Rule 59(e) motion to reconsider: "(1) an intervening change in controlling law, (2) the availability of new evidence not previously available, and (3) the need to correct a clear error of law or prevent manifest injustice." , 130 F.RD. 625, 626 (S.D. Miss. 1990). Defendants, not arguing that the law

---

[1] Rule 59(e) of the Federal Rules of Civil Procedure states: "**Motion to Alter or Amend a Judgment.** A motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment."

1

has altered or that new evidence has arisen, seemingly rest their motion upon the belief that this Court's previous order [Docket no. 118], conTained a "clear error of law."

This Court has reviewed Defendants' motion and supporting briefs, as well as the opposing response and memorandum filed by Plaintiff Barefield Workplace Solutions, Inc. This Court finds that the submitted motions and briefs contain no new jurisprudence or factual basis supporting a grant of Defendants' request for reconsideration of this Court's previous Order [Docket no. 118].

**IT IS, THEREFORE, ORDERED that the Defendants'** *Motion for Reconsideration of Court's September 30, 2018 Order* **[Docket No. 119] is DENIED.**

**IT IS FURTHER ORDERED that Defendant's** *Motion to Stay All Proceeding Pending the Motion for Reconsideration* **[Docket no. 119] is DENIED.**

**IT IS FINALLY ORDERED that Defendant's** *Motion to Certify Order for Interlocutory Appeal and to Stay all Proceedings Pending the Trial* **[Docket no. 119] is DENIED.**

**SO ORDERED AND ADJUDGED this the 12th day of September, 2019.**

                                          **/s/HENRY T. WINGATE**
                                          **UNITED STATES DISTRICT COURT JUDGE**